IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Michael Mann II and O'Darrius Adams, <br><br> Plaintiffs, <br><br> vs. <br><br> Federal Bureau of Investigation; Jarrod Smarr; Mark Straube, FBI Special Agent; Daniel Burkhart, York County Law Enforcement Officer; and Chris Rowe, York County Law Enforcement Officer, <br><br> Defendants. | C/A No.: 0:20-1950-JMC-SVH <br><br><br><br><br> ORDER AND NOTICE |

Carl Michael Mann II and O'Darrius Adams ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint seeking compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and 42 U.S.C. § 1983. Plaintiff sues the above-listed defendants for alleged constitutional rights violations related to their arrest. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiffs are defendants in a criminal drug conspiracy case pending in this court (*United States v. Hemphill, et al.*, Cr. No. 0:18-557-MGL),[2] and for which jury selection has been scheduled for August 5, 2020.[3] Plaintiffs allege Straube, Burkhart, and Rowe had knowledge that confidential informant Smarr previously kept the money from a controlled buy until he was caught in a traffic stop. [ECF No. 1-1 at 2]. Plaintiffs allege they have uncovered misconduct and criminal acts by Smarr, who they claim staged a fake drug deal implicating Darryl Hemphill, which was recorded by law enforcement. *Id.* They allege Straube omitted critical information as to Smarr's unreliability, thereby violating their Fourth and Fourteenth Amendment rights. *Id.* at 2–3.

---

[2] A district court may take judicial notice of materials in the court's own files. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

[3] The undersigned notes that if Plaintiffs are convicted in their upcoming trial, will likely be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that in addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Plaintiffs claim Borkhart, Rowe, and Straube "played a part in compartmentalizing information and details. . . ." *Id.* at 3.

II. Discussion

   A. Standard of Review

Plaintiffs filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

3

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    FBI cannot be sued under *Bivens*

The *Bivens* doctrine that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. However, only individual persons can be subject to *Bivens* liability. *See Corr.*

*Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Therefore, the FBI is subject to summary dismissal.

### 2. Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiffs have alleged the law enforcement defendants knew Smarr was an unreliable informant, and that caused a deprivation of their Fourth and Fourth Amendment rights. To demonstrate an officer unreasonably searched property or seized an individual based on a lack of probable cause, a plaintiff must show the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading."

5

*Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). However, allegations of negligence or innocent mistake are insufficient to provide a basis for a constitutional violation. *Id.* at 627–28.

Plaintiffs have not shown how Smarr's alleged unreliability led to a false search or seizure as to them. Plaintiffs state Smarr was used "as the only source to generate probable cause." [ECF No. 1-1 at 3]. However, Plaintiffs provide no factual allegations to support such statements. Similarly, although Plaintiffs claim Smarr committed unspecified criminal acts connected to the controlled buys, they fail to allege any facts showing that the controlled buys can therefore not be the basis for probable cause.

Plaintiff's complaint provides insufficient facts to challenge the validity of any warrant obtained by law enforcement.

## NOTICE CONCERNING AMENDMENT

Plaintiffs may attempt to correct the defects in his complaint by filing an amended complaint by **June 19, 2020**, along with any appropriate service documents. Plaintiffs are reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiffs file an amended

6

complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiffs fail to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

May 29, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge